Johnson, C. J. The objection urged and relied upon by the plain tiff in error is, that the notice to take depositions given by the defendants, is not sufficiently definite either as to time or place. The notice is to appear on the 2d, 3d and 4th days of April next between the hours of 8 A. M. and 6 P. M. of each or any of said days, at the court-house in the city of New Orleans, in the State of Louisiana. In support of this objection the plaintiff proved that six or eight of the courts in the city of New Orleans, about the time of taking the deposition, were holden in one large house or building and in different rooms or apartments of that house, some of which were below, but the major part above stairs, that persons entering the house to go into any of the courts went in at the same place, and then by different doors on each side of the passage below and above, entered the different rooms where said courts were held, and that the Recorder’s courts of the city were held at other and different places. The defendants then proved that the house first referred to was the old Cathedral in the lower part of the city,» that' it was generally called or spoken of as the court-house,- and was the only court-house in the city. The court below upon this state of fact permitted the deposition to be read as evidence and after a finding for the defendants, overruled a motion for a new trial. It is enacted by the 6th section of chapter 48 of the Revised Statutes that “ In all cases where depositions shall be taken by virtue of any of the preceding sections of this act, the party at whose Instance the same may be taken shall cause notice in writing of the time and place of taking such depositions to be served on the adverse party if he reside in the county in which the suit is pending, and if not, then on his attorney of record in the cause.” The statute of necessity deals in general terms both as to time and place, but it is the duty of the judicial tribunals of the country so to interpret and adapt them to the peculiar circumstances of every case as to carry out and effectuate the intention of the legislature. It is contended by the defendants that the place is designated with technical certainty and that greater particularity should never be required. This statute was never designed as a trap or an engine by which a party might annoy and oppress his adversary, but on the contrary was intended to afford facilities to parties litigant by saving the expense and inconvenience of the personal attendance of distant witnesses. It is conceded by the defendants themselves thatthere are several apartments or rooms in the court-house in the city of New Orleans, and that different courts are therein held, but it is insisted that this circumstance cannot destroy the validity of the-notice or render it uncertain. It has already been decided by this-court in the case of Reardon vs. Farrington determined at the pre--sent term that a notice to take depositions on four consecutive days' or either, is insufficient. This authority is directly in point, in respect to the question of time raised by the record in this case, but which seems to have been either overlooked or wholly disregarded, in the argument. It is thei’e distinctly and emphatically declared that some definite period must be fixed at which the taking of the depositions shall commence. We can discover no good reason why as much strictness should not obtain in regard to place. 'There can be no doubt but that the party notified is entitled to such a description of the place as to distinguish it with certainty from all others. It certainly would not be pretended even for a moment that to-notify a party to appear at the court-house in the city of Little Rock in the State of Arkansas, would be sufficiently certain to require him to appear or abide the consequences of a default. He could not be required to be present in three different apartments- of the capitol at one and the same time and unless he should do sof he could not have the least assurance of seeing the officer by whom the depositions should be taken. The rooms occupied by the United States district and circuit courts and the supreme court of the State are undoubtedly as much entitled to the appellation of court-houses as that in which the circuit court holds its sessions. Here each court-room, though under the same common roof is a separate and distinct house, and distinguished by names wholly different. If it would not be sufficiently certain where only three or four courts are held in the same building, for a much stronger reason would it be so where six or eight courts occupied it. There is not the merest shadow of excuse for such a general description of a place as a “ court-house” where numerous and distinct courts occupy different apartments in the same building. It is universally the fact that wherever a court-house is erected, it at the same time from the very necessity of the thing, receives such a style and distinctive character as to mark and distinguish it from all others. The style by which a court may be distinguished is an inseparable incident to its very creation and existence. Wherever there is hut óne coürt held in the same city or county it would doubtless be sufficient to cite the party to appear at the court-house in general terms, as in that case it would be reducible to a certainty, and therefoTe süffi-ciently certain for all legal purposes, but where two or more Courts are held either in distinct buildings or in different apartments under the same common covering, it would certainly be requisite to designate that particular apartment by the style of the court, sd a& to point out the place with sufficient legal-certainty. We think it clear therefore that the notice both as to time and place is radically defective, and that consequently the circuit court erred in permite ting the deposition to be read as evidence in the cause. Judgment reversed;